IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

| | | |
|---|---|---|
| EFRAIN NIEVES, | : | INDEX NO. |
| | : | ECF CASE |
| Plaintiff, | : | |
| | : | |
| - against – | : | JURY TRIAL DEMANDED |
| | : | |
| THE CITY OF NEW YORK, a municipal entity, | : | |
| NYPD OFFICER WRIGHT, NYPD OFFICERS "JOHN | : | |
| DOES 1-3", and NYPD DETECTIVES "JAMES DOES | : | COMPLAINT |
| 1-3" | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------------------------X

Plaintiff EFRAIN NIEVES, by his attorneys, STECKLOW AND

THOMPSON, complaining of the defendants, respectfully alleges as follows:

I.      JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon

this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and

constitutional provisions.

2.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28

U.S.C. § 1367(a) over any and all state constitutional and state law claims that are so related

to the claims within the original jurisdiction of this Court that they form part of the same case

or controversy.

II.      VENUE

3.      Venue is proper for the United States District Court for the Southern District

of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because the events

occurred in this district.

### III.   JURY DEMAND

4.      Plaintiff EFRAIN NIEVES respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### IV.   COMPLIANCE WITH GENERAL MUNICIPAL LAW 50-E

5.      Within ninety days after claim arose, Plaintiff filed Notices of Claim upon Defendant City of New York by delivering copies of the notices to the person designated by law as a person to whom such claims may be served.

6.      The Notice of Claim was in writing, sworn by Plaintiff and contained the name and address of Plaintiff.

7.      The Notices of Claim set out the nature of the claim, the time when and the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

8.      The City of New York has neglected and failed to adjust the claims within the statutory time period.

### V.   THE PARTIES

9.      At all times relevant herein Plaintiff Efrain Nieves was a resident of the County of Kings, State of New York.

10.      Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.      Defendant City of New York maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York

2

State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, Defendant City of New York.

12.     Defendant NYPD Officer WRIGHT at all times here relevant was a member of the New York City Police Department, acting under color of state law and/or pursuant to the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York. Officer Wright is sued in his individual and official capacities.

13.     Defendant New York City Police Officers "John Doe 1-3," at all times here relevant were members of the New York City Police Department, acting under color of state law and/or pursuant to the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York. Officer John Does are sued in their individual and official capacities.

14.     Defendant New York City Police Detectives "James Doe 1-3", (collectively along with Defendant Police Officer WRIGHT and Defendant New York City Police Officers "John Doe 1-3, "The Defendant Police Officers") at all times here relevant were members of the New York City Police Department acting under color of state law and/or pursuant to the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York. Detectives James Does are sued in their individual and official capacities.

15.     Plaintiff will amend this complaint to name the Defendant Police Officers "John Does 1-3" and "James Does 1-3" as their identities can be established to a reasonable certainty.

## VI.    FACTS COMMON TO ALL CLAIMS

16.     On March 9, 2016, at or around 7:00 P.M., the Plaintiff returned from his job to his house where he lived, when he was unlawfully detained, falsely arrested, and falsely imprisoned by four plainclothes officers in an unmarked minivan, defendants NYPD Officer Wright and NYPD Officers John Doe 1-3.

17.     Defendants NYPD Officer Wright and NYPD Officers John Doe 1-3 stopped the Plaintiff, and told Plaintiff the detectives in the precinct wanted to ask him some questions.

18.     Defendants NYPD Officer Wright and NYPD Officers John Doe 1-3 drove Plaintiff to the 83rd Precinct.

19.     The Plaintiff was initially held in a locked room with no bathroom, food or water access for three and a half to four hours upon entering the precinct. Upon calling for their attention, Plaintiff was told somebody would be with him in a few minutes.

20.     Approximately fifteen minutes later, Plaintiff was questioned by New York City Police Detectives James Doe 1 and James Doe 2.

21.     Plaintiff answered that on a time specific, he was with Ruth Rodriguez, the mother of his child.

22.     After Plaintiff was questioned, Ms. Rodriguez was questioned by the NYPD and confirmed Plaintiff's alibi. Ms. Rodriguez was in the precinct house due to her concern for Plaintiff.

23.     Plaintiff was then told he would stay overnight and be put in a photo lineup the next day. Plaintiff was then read his rights and arrested.

24.     Plaintiff did not resist arrest.

4

25.     Plaintiff was shown a photograph of another person and was told it was Plaintiff. Plaintiff said it was not him.

26.     Plaintiff's two daughters, Jessenia Nieves and Jasmine Nieves, and his brother, Pedro Vaillant, were at the precinct to inquire about Plaintiff. When shown the photograph by the NYPD, all of Plaintiff's family members that were at the precinct said that it was not him.

27.     At 4:30 PM or 5 PM the following day, Plaintiff was asked by NYPD Detective James Doe 3 if he had his MetroCard. Plaintiff gave James Doe 3 the MetroCard to show his whereabouts.

28.     Although Plaintiff's alibi was confirmed, Plaintiff was arrested, detained, and held for twenty-four (24) hours without charge.

29.     Plaintiff was held in unlawful confinement and caused to suffer mental and emotional injuries as a result of the Defendant Police Officers.

30.     At all times herein, the individual Defendants had no probable cause to arrest and detain Plaintiff. Their actions were based on malice and bad faith.

31.     The conduct of the individual Defendants in detaining, arresting, and falsely imprisoning Plaintiff proximately caused emotional and mental injury to Plaintiff and Plaintiff's family, as well as serious emotional pain and suffering, mental anguish, shock, fright, humiliation, embarrassment and deprivation of his constitutional rights. Plaintiff suffered the trauma, debasement and humiliation as a result of being detained and arrested without any cause and unlawfully imprisoned.

32.     Plaintiff is entitled to both compensatory and punitive damages, as well as attorneys fees and costs.

5

FIRST CLAIM FOR RELIEF

DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

33.     Plaintiff EFRAIM NIEVES repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

34.     All of the aforementioned acts of the defendants were carried out under the color of state law, and deprived the Plaintiff of his Constitutional rights.

35.     On the date of his arrest, there were no outstanding warrants for the arrest of the Plaintiff, nor any probable cause for his arrest.

36.     The Defendant Officers and Defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     As a result of the above constitutionally impermissible conduct, the Plaintiff was caused to suffer personal injuries, including physical and mental injuries, loss of liberty, special damages, and deprivation of his constitutional rights.

38.     As a result of Defendants' impermissible conduct, the Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

SECOND CLAIM FOR RELIEF

FALSE ARREST UNDER 42 U.S.C. § 1983

39.     Plaintiff EFRAIN NIEVES repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

40.     The Plaintiff was seized by the Defendants, without a warrant, against his will, and without justification.

6

41.     As a result of the above constitutionally impermissible conduct, the Plaintiff was caused to suffer personal injuries, including physical and mental injuries, loss of liberty, special damages, and deprivation of his constitutional rights.

42.     As a result of Defendants' impermissible conduct, the Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

<u>THIRD CLAIM FOR RELIEF</u>

<u>DEPRIVATION OF RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES AND ARREST AS REQUIRED BY THE FOURTH AND FOURTEENTH AMENDMENTS</u>

43.     Plaintiff EFRAIN NIEVES repeats each allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

44.     By their conduct, as described herein, and acting under color of state law to deprive the Plaintiffs of their rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fifteenth Amendments, Defendants are liable for violation of 42 USC §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

45.     As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages, including, personal, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

<u>FOURTH CLAIM FOR RELIEF</u>

<u>FAILURE TO INTERVENE UNDER 42 U.S.C. §1983</u>

46.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

47.     Each of the individual Defendant Police Officers had an affirmative duty to

intervene on Plaintiff's behalf in order to prevent the violation of his constitutional rights.

48.     Each of the individual Defendant Police Officers failed to intervene on Plaintiff's behalf in order to prevent the violation of his constitutional rights despite having substantially contributed to the circumstances within which Plaintiff's rights were violated by the Defendant Police Officers' affirmative conduct.

49.     As a result of the above constitutionally impermissible conduct, the Plaintiff was caused to suffer personal injuries, including mental injuries, loss of liberty, special damages, and deprivation of his constitutional rights.

50.     As a result of Defendants' impermissible conduct, the Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

<u>FIFTH CLAIM FOR RELIEF</u>

<u>DEPRIVATION OF FREEDOM FROM UNLAWFUL SEIZURE UNDER ARTICLE I,
SECTION 12 OF NEW YORK STATE CONSTITUTION</u>

51.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

52.     The acts of Defendants, acting under color of law, in subjecting Plaintiff to unlawful search and seizure, and arrest and depriving Plaintiff of his right to bodily integrity, were designed to, and did cause, specific and serious personal, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment to Plaintiff in violation of his Constitutional right as guaranteed by Article I, Section 12 of the Constitution of the State of New York

53.     The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated his rights as guaranteed by the

8

Constitution of the State of New York.

SIXTH CLAIM FOR RELIEF

STATE COMMON LAW FALSE ARREST

54.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

55.     By their conduct, as described herein, Defendants are liable to Plaintiff for having committed false arrest under the laws of the State of New York.

56.     Defendants arrested Plaintiff without probable cause. Plaintiff did not have a warrant for his arrest. Plaintiff's alibi was confirmed and Defendants had no right to arrest or detain Plaintiff for 24 hours. Plaintiff's seizure by Defendant was unreasonable.

57.     As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

SEVENTH CLAIM FOR RELIEF

STATE COMMON LAW FALSE IMPRISONMENT

58.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

59.     By their conduct, as described herein, Defendants are liable to Plaintiff for having committed false imprisonment under the laws of the State of New York.

60.     Defendants Officer Wright and John Doe 1-3 took Plaintiff from outside his house to Precinct 83 by unmarked car. Plaintiff was then placed in a locked room for approximately 4 hours without food, water or bathroom facilities. Defendants intended to imprison Plaintiff in that room and the precinct cell. Plaintiff was aware that the room was locked and at all times after Plaintiff arrived at the precinct Defendants intended to falsely

9

imprison Plaintiff.

61.     Defendants arrested Plaintiff without probable cause. Plaintiff did not have a warrant for his arrest. Plaintiff's alibi was confirmed and Defendants had no right to arrest or detain Plaintiff for 24 hours.

62.     As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

<u>EIGHTH CLAIM FOR RELIEF</u>

*RESPONDEAT SUPERIOR*

63.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

64.     The conduct of Defendant Officers occurred while they were on duty, in and during the course and scope of their duties and functions as New York City Police Officers and while they were acting as agents and employees of the Defendant City of New York. Defendant City of New York is liable to Plaintiffs under the common law doctrine of *respondeat superior*.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Empanel a jury.

[d] Award attorney's fees and costs.

[e] Award such other and further relief as the Court deems to be in the interest of justice.


DATED:      New York, New York
            May 25, 2017


                    Respectfully submitted,


                    _____//s//_____
                    David A. Thompson [dt3991]
                    STECKLOW & THOMPSON
                    217 Centre Street, 6th Floor
                    New York, New York 10013
                    Phone: (212) 566-8000
                    Fax:    (212) 202-4952


                    ATTORNEY FOR PLAINTIFF

11

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I,    EFRAIN NIEVES               , Date of Birth ▮▮▮▮▮ ,
SS# ▮▮▮▮▮ , pursuant to NYCPL § 160.50[1][d], hereby designate ZACHARY W. CARTER, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled <u>People of the State of New York</u> v. NOT APPLICABLE _____, Docket No. or Indictment No. NA_____, in ___NA___ Court, County of ___NA_____, State of New York, relating to my arrest on or about 3/9/16-3/10/16 , may be made available for use in Civil Action Nieves v. City of NY et al._____, _____ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
SIGNATURE

STATE OF NEW YORK   )
                     : SS.:
COUNTY OF New York )

On this 25 day of May , 201_, before me personally came Efrain Nieves to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

WYLIE M. STECKLOW ESQ.
Notary Public - State of New York
No. 02ST506337
Qualified in New York County
My Comm. Expires Jul. 22, 2006